# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

KRISTINE ROSS,

     *Plaintiff*,

v.

GONZO WHISKEY COMPANY, INC.,

     *Defendant*.

---

### COMPLAINT AND DEMAND FOR A JURY TRIAL

---

Plaintiff Kristine Ross ("Ross" or "Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and for her Complaint against Defendant Gonzo Whiskey Company, Inc. ("Gonzo Whiskey" or "Defendant"), hereby asserts and alleges as follows:

1

## I.     PARTIES

1.     Plaintiff Ross is an individual and resident of Colorado.

2.     Plaintiff is the assigned owner of copyrights in/to a collection of photographs (the "DFA Photographs") created by Deborah Fuller ("Fuller").

3.     Plaintiff's copyrights in the DFA Photographs, and specifically the photographs identified herein and at issue in this action, have been registered with the United States Copyright Office.

4.     Defendant Gonzo Whiskey is a Colorado corporation with a principal address at 133 Prospector Road, Suite 4102H, Aspen, CO 81611.

5.     Upon information and belief, Defendant is a whiskey distillery company founded in partnership with the estate of renowned author and journalist Hunter S. Thompson.

6.     Upon information and belief, Defendant owns and operates an Instagram account located at www.instagram.com/gonzowhiskey.

## II.     JURISDICTION AND VENUE

7.     Jurisdiction for Plaintiff's claims lies with the United States District Court for the District of Colorado pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

8.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendant giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since Defendant resides in or may be found in this District.

9. Defendant is subject to general personal jurisdiction in Colorado as a corporate resident of the state and having conducted substantial and ongoing business in this State.

10. Defendant also is subject to specific personal jurisdiction in Colorado because the Defendant's conduct at issue in this action occurred in this State.

### III. GENERAL ALLEGATIONS

11. The DFA Photographs are a collection of photographs that were taken during Fuller's tenure as the personal assistant and photographer for Hunter S. Thompson, a position she held for approximately 20+ years prior to the author's death in 2005.

12. Fuller assigned her copyrights in and to Plaintiff Ross by written agreement.

13. In or about November 2025, Plaintiff Ross became aware that several of the DFA Photographs were being used by GWC on its Instagram account.

14. Attached hereto as Exhibit 1 is a chart displaying screen captures of the identified uses of the six (6) photographs ("Infringed Photographs"), which are among the full collection of DFA Photographs assigned to Ross and whose copyrights she registered with the USCO, by Defendant, as well as the relevant publication dates and copyright registration information for each particular Infringed Photograph in issue.

15. Upon information and belief, Defendant acquired access to and/or created copies of the Infringed Photographs without permission or license from either Fuller or Plaintiff Ross.

16. Defendant did not seek and never obtained permission or license from either Plaintiff or Fuller to copy, display or use the DFA Photographs in any manner.

17. Upon information and belief, Defendant copied, published, and displayed the Infringed Photographs in violation of Plaintiff's exclusive copyrights therein, including but not limited to publishing unauthorized copies of them on the Gonzo Whiskey Instagram account, to

3

promote and market its whiskey business and brand and for the purpose of generating sales, customer engagement, and revenue.

18.    The full scope of Defendant's use of the DFA Photographs is not yet known by Plaintiff, as that information remains in its sole possession, and thus the uses included in Exhibit 1 are not intended to be exhaustive.

## IV. COUNT I
## COPYRIGHT INFRINGEMENT

19.    Plaintiff repeats and re-alleges each allegation set forth in the paragraphs above as if set forth fully herein.

20.    Plaintiff owns the exclusive copyrights to the collection of DFA Photographs and specifically the Infringed Photographs, which have been registered with the United States Copyright Office under Registration Nos. VAu 1-520-801 (effective Nov. 17, 2023); VAu 1-532-239 (effective June 4, 2024); and VAu 1-543-512 (effective Aug. 9, 2024).

21.    Upon information and belief, Plaintiff registered the copyrights to the DFA Photographs prior to the commencement of Defendant's infringement, as each of the identified social media posts were published by Defendant in 2025.

22.    Plaintiff thus is entitled to seek and may elect to recover statutory damages for the violations of her copyrights by Gonzo Whiskey.

23.    As alleged herein, Defendant copied, published, distributed, displayed, and otherwise exploited the DFA Photographs on social media without Plaintiff's permission or a valid license to do so.

24.        As alleged herein, Defendant misappropriated Plaintiff's intellectual property to promote its business and the Gonzo Whiskey brand, generating ill-gotten revenue and also causing Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

4

25.    Upon information and belief, Defendant has financially benefited from the unauthorized use of Plaintiff's copyrighted works through their use in promotional/advertising materials that generated increased traffic/engagement with its social media account and sales of its products.

26.    Upon information and belief, Defendant either knew or had reason to know that its uses of the Infringed Photographs were not authorized by Plaintiff or validly licensed, including because it is a sophisticated company and regularly deals with copyright/licensing issues, and because it never sought or inquired about a license to copy, publish, or otherwise use the Infringed Photographs.

27.    Upon information and belief, Defendant's failure to inquire with Plaintiff as to the use of the Infringed Photographs in connection with its commercial business, despite knowing it did not have permission or a license, particularly for such commercial purposes, was knowing, willful, and/or intentional, or at the very least constitutes reckless disregard of Plaintiff's copyrights.

28.    Defendant's willful disregard for Plaintiff's copyrights is further demonstrated by its refusing to cooperate with Plaintiff's efforts to investigate the Defendant's unlicensed use of the Infringed Photographs prior to suit.

29.    Plaintiff contacted Defendant on or about December 2, 2025, by sending a written letter from Plaintiff's counsel to Defendant's primary business address.  The letter provided Defendant with written notice of potential claims and the grounds therefore, along with a reminder of Defendant's obligations to preserve relevant evidence.

30.    Shortly thereafter, on December 4, 2025, Plaintiff's counsel received a written acknowledgement from counsel for Gonzo Whiskey acknowledging Plaintiff's letter and notice of

5

claims and stated: "We are currently investigating the claims and allegations raised in your letter and we are conferring with our client. Once we have completed our investigation and further dialogued with Gonzo Whiskey, our substantive response will be forthcoming."

31.    Unfortunately, despite multiple follow up emails to Defendant's counsel, Defendant has not provided any "substantive response" to Plaintiff's claim notice, never provided any information or the results of any alleged "investigation" and has not cooperated with Plaintiff's rightful efforts – over the past nearly four months – to investigate the cause and scope of Defendant's violations of Plaintiff's copyrights in the Infringed Photographs, leaving Plaintiff no option but to bring this action to protect and defend her copyrights.

32.    Defendant's refusal to cooperate is further evidence of its willful and callous disregard for Plaintiff's copyrights.

**WHEREFORE,** Plaintiff respectfully prays for judgment on her behalf and for the following relief:

1.    A preliminary and permanent injunction against Defendant from copying, displaying, distributing, and/or advertising the infringing materials identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's work and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendant;

2.    All allowable damages under Section 504 of the Copyright Act, including but not limited to statutory or actual damages, damages incurred as a result of Plaintiff's loss of licensing revenue, damage to the value of the copyrighted works, and Defendant's profits attributable to the infringement;

6

3.       Plaintiff's recoverable costs and attorneys' fees incurred in pursuing and litigating this matter, as authorized by Section 505 of the Copyright Act;

4.       For such other and further relief as the Court deems just and proper.


**JURY TRIAL DEMANDED**

Dated:   March 27, 2026

*/s/ Kevin McCulloch*
Kevin P. McCulloch
MCCULLOCH KLEINMAN LAW
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
E-mail: kevin@mkiplaw.com

Attorney for Plaintiff Kristine Ross